FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 14, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANINE G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No.1:17-CV-03110-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12, 13. Attorney D. James Tree represents Janine G. (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) on January 6, 2013, Tr. 198, alleging disability since December 1, 2012, Tr. 169, due to pain, fatigue, depression, and edema, Tr. 187. The application was denied initially and upon reconsideration. Tr. 113-15, 118-22. Administrative Law Judge (ALJ) Larry Kennedy held a hearing on September 21, 2015 and heard testimony from Plaintiff and vocational expert, Trevor Duncan. Tr. 31-84. The ALJ issued an unfavorable decision on January 19, 2016. Tr. 15-26. Plaintiff requested review from the Appeals Council, Tr. 7, and submitted a medical opinion from Julia Robertson, M.D., Tr. 469-71. The Appeals Council denied review on April 14, 2017 and associated Dr. Robertson's opinion with the administrative record. Tr. 1-6. The ALJ's January 19, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 15, 2017. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 51 years old at the alleged date of onset. Tr. 169. She has a bachelor's of science degree in nursing. Tr. 41. She reported her past work was as a registered nurse. Tr. 209. Plaintiff reported that she stopped working on November 14, 2011 stating that she was let go following a conflict with management and that she could not deal with the stress. Tr. 187, 238.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d

1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94

(9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

**ADMINISTRATIVE DECISION**

On January 19, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2012, the alleged date of onset. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity; edema; adrenal insufficiency; idiopathic hyperparathyroidism; steatosis of the liver; fibromyalgia versus fibromyositis versus unspecified myalgia; plantar fasciitis; and knee osteoarthritis. Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> she can stand and/or walk for about four hours in an eight-hour workday. She can frequently handle, finger, and feel. Her work should not require the operation of foot controls. She cannot crawl or climb. She can occasionally balance, stoop, knee, and crouch. She should avoid concentrated exposure to vibration, extreme temperatures, and hazards.

Tr. 21. The ALJ identified Plaintiff's past relevant work as a general nurse and a healthcare administrator and concluded that Plaintiff was able to perform her past relevant work as a healthcare administrator. Tr. 24.

As an alternative to a step four denial, the ALJ found at step five that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform,

including the jobs of consulting nurse and hospital admitting clerk. Tr. 25-26. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from December 1, 2012, through the date of the ALJ's decision. Tr. 26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical source opinions, (2) failing to properly address all of Plaintiff's severe impairments at step two, and (3) failing to properly address Plaintiff's symptom statements.

## DISCUSSION

**1.  Medical Opinions**

Plaintiff challenges the ALJ's treatment of the opinion from a nonexamining reviewing physician, Gordon Hale, M.D., and the opinion from an examining physician, William Drenguis, M.D., and the Appeals Council's treatment of the opinion from Plaintiff's treating physician, Julia Robertson, M.D. ECF No. 12 at 18-20.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### A. The Opinions

On October 27, 2013, Dr. Hale reviewed the medical evidence available at that time, including the opinion of Dr. Dreguis, to which he assigned great weight. Tr. 105. Dr. Hale opined that Plaintiff could occasionally lift and/or carry twenty pounds, frequently lift and/or carry ten pounds, stand and/or walk for four hours, and sit for about six hours. Tr. 105. He limited Plaintiff's ability to push and pull in the upper extremities to frequent and in the lower left extremity to frequent. *Id*. All posturals were limited to occasional except balancing, which was limited to frequent. Tr. 105-06. Plaintiff's handling, fingering, and feeling were limited to frequent bilaterally. Tr. 106. He opined that Plaintiff should avoid concentrated

exposure to extreme cold, vibrations, and hazards such as machinery and heights. Tr. 106-07. Then in the "Additional Explanation" section, Dr. Hale stated that "[i]n view of the claimant's combined impairments related primarily to fibromyalgia, she is capable of no more than sedentary work activity." Tr. 107.

Dr. Drenguis examined Plaintiff on July 27, 2013 and reviewed three clinic notes dated August 29, 2012, April 4, 2012, and March 13, 2012. Tr. 328-32. All of these clinic records predate Plaintiff's alleged date on onset. He limited Plaintiff's standing/walking to three hours and sitting to five hours. Tr. 331. He limited her lifting/carrying to twenty pounds occasionally and ten pounds frequently. Tr. 332. He limited climbing, stooping, kneeling, crouching, and crawling to occasionally. *Id*. He limited reaching, handling, fingering, and feeling to frequent. *Id*. He did not provide any environmental limitations. *Id*.

On February 24, 2016, Plaintiff's treating provider, Dr. Robertson, completed a medical report form stating that Plaintiff had been diagnosed with fibromyalgia syndrome, adrenal hypofunction, menopausal symptoms, fatigue, idiopathic peripheral neuropathy, anxiety, obesity, Crohn's disease, osteoarthritis, insomnia, and chronic pain. Tr. 470. She stated that working on a regular and continuous basis would cause Plaintiff's condition to deteriorate. Tr. 471. Additionally, when asked if she thought Plaintiff would miss work due to her impairments, she stated "[Patient] is not able to work due to condition." *Id*. She stated that these limitations had existed since August of 2012. *Id*.

B.    **The ALJ's Decision**

The ALJ gave significant weight to Dr. Hale's opinion, but he represented the opinion as a limitation to light work with additional limitations in Plaintiff's ability to stand and/or work. Tr. 23-24. The ALJ never addressed Dr. Hale's final statement limiting Plaintiff to sedentary work.

The ALJ then used Dr. Hale's opinion as justification for giving only some weight to the opinion of Dr. Drenguis, finding that the record supported a residual

functional capacity with fewer limitations, therefore, "I give greater weight to another medical assessment, from a physician who reviewed a greater range of the claimant's medical records." Tr. 23. Since Dr. Hale's opinion is the only other physical residual functional capacity opinion addressed in the ALJ's decision, the ALJ's reference to "another medical assessment" must be to that of Dr. Hale.

The ALJ did not review Dr. Robertson's opinion as it was submitted after the ALJ's decision. However, it was addressed by the Appeals Council and associated with the record. Tr. 2, 4. Therefore, this Court is to consider the opinion when determining whether the ALJ's determination is supported by substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

### C. Discussion

The ALJ erred in the treatment of Dr. Hale's and Dr. Drenguis' opinions in two ways. First, the ALJ failed to address Dr. Hale's limitation to sedentary work. *See* S.S.R. 96-8p ("The RFC [residual functional capacity] assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). The failure to address the limitation to sedentary work, assigning the opinion significant weight, and adopting an amended light residual functional capacity determination is synonymous to rejection of the limitation to sedentary work without providing a reason. Thus, the ALJ erred.

Second, the ALJ rejected the opinion of Dr. Drenguis partially based on the presumption that Dr. Hale's opinion was less limiting. *See* Tr. 23 (finding that Plaintiff's activities, examination findings, and treatment records showed Plaintiff was more capable than Dr. Drenguis opined and, as a result, he gave significant

weight to Dr. Hale's opinion). However, Dr. Hale's limitation to sedentary work means his opinion is more limiting than Dr. Drenguis'. Therefore, the ALJ's rationale for the weight assigned to the two opinions in the record becomes nonsensical.

In addition, when determining if the ALJ's residual functional capacity is supported by substantial evidence, this Court is to consider the opinion of Plaintiff's treating provider, Dr. Robertson, who opined Plaintiff was unable to work. Tr. 471. As such, the record currently holds three medical source opinions: First, the opinion of the nonexamining reviewer, Dr. Hale, that Plaintiff is limited to sedentary work. Second, the opinion of examining provider, Dr. Dreguis, who opined limitations somewhere between sedentary work[1] and light work[2]. Tr. 331-32. Third, the opinion of Plaintiff's treating provider, Dr. Robertson, that Plaintiff was not capable of work. Tr. 471. All three of the medical source opinions are more limiting than the ALJ's residual functional capacity determination finding Plaintiff could stand/walk for a total of four hours. Tr. 21. Therefore, the ALJ's residual functional capacity determination is not supported by substantial evidence and the case is remanded for the ALJ to reweigh the medical source opinions in the file and formulate a new residual functional capacity determination supported by substantial evidence.

**2.     Step Two**

Plaintiff asserts that the ALJ erred by failing to recognize Plaintiff's attention deficit hyperactivity disorder (ADHD), cognitive disorder, anxiety, and depression as severe at step two. ECF No. 12 at 6-10.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). A

---

[1] Sedentary work is defined at 20 C.F.R. 404.1567(a).

[2] Light work is defined at 20 C.F.R. 404.1567(b).

medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. Once the ALJ has established that a claimant has a medically determinable mental impairment, he "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s)" and document his findings as to the four broad functional areas set out in the 12.00C criteria. 20 C.F.R 404.1520a(b), (e). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted).

The ALJ stated that Plaintiff "conceded that she had not been diagnosed with a cognitive disorder or with any attention deficit disorder." Tr. 18. This is the end of the ALJ's discussion of either ADHD or a cognitive disorder. Tr. 18-19. The ALJ then concluded that Plaintiff's "medically determinable mental impairments do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." Tr. 19.

Plaintiff's testimony that she was not sure whether she had been diagnosed with ADHD is not sufficient to support a finding that there was no medically determinable impairment. Tr. 66-68. ADHD is a medically determinable impairment. Plaintiff's treating physician, Dr. Robertson, administered testing demonstrating that Plaintiff was markedly positive for inattention and positive for hyperactivity and diagnosed Plaintiff with ADHD. Tr. 358; 20 C.F.R. § 404.1521 (A medical determinable impairment "must be established by objective medical evidence from an acceptable medical source."). However, it is unclear if the ALJ considered ADHD and its resulting symptoms in his evaluation of the 12.00C

criteria as the ALJ only addressed, depression, anxiety, memory and a general reference to "psychological impairments." Tr. 18-19.

Likewise, the ALJ's reliance on Plaintiff's statement that she has not been diagnosed with a cognitive disorder is insufficient to support a finding of no psychological limitations. Plaintiff had been diagnosed with fibromyalgia, which the ALJ deemed to be a severe impairment at step two. Tr.17. The Commissioner has promulgated a regulation which recognizes cognitive or memory problems, commonly known as a "fibro fog," as a symptom of fibromyalgia. *See* S.S.R. 12-2p. The ALJ failed to address the psychological symptoms associated with Plaintiff's diagnosis of fibromyalgia in the opinion.

Neither Plaintiff's diagnosis of ADHD nor the potential of cognitive of memory problems from fibromyalgia were considered by the ALJ. Since this case is being remanded for the ALJ to properly address the medical source opinions in the file, the ALJ will readdress Plaintiff's psychological impairments at step two and take testimony from a medical expert and a psychological expert regarding any potential for functional limitations resulting from Plaintiff's medically determinable impairments.

3.  **Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptoms statements were not entirely credible. ECF No. 12 at 10-18.

Since the case is being remanded for the ALJ to properly address the medical source opinions in the file, the ALJ is further instructed to make a new determination as to the supportability of Plaintiff's symptom statements in accordance with S.S.R. 16-3p.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate

where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to weigh the medical source opinions in the file, make a new step two determination, and address Plaintiff's symptom statements in accord with S.S.R. 16-3p. The ALJ will also supplement the record with any outstanding evidence, send Plaintiff for a psychological consultative examination, and take testimony from a vocational, a medical, and a psychological expert at any remand proceedings.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 14, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE